J. A. BLAKEMORE Adm'r. *v.* JOHN W. KIMMONS.

1. REAL PROPERTY. *Wills. Executors. Administrators. Sale by, with will annexed.* An administrator, with the will annexed, has the same power to sell land as is conferred by will upon the executor, and such a sale will be valid made after the passage of the act of 1849, though the will was probated prior thereto.

Case cited: Green *v.* Davidson, 4 Baxter, 488.

2. SAME. *Same.* A purchaser of land under the foregoing circumstances cannot avail himself of the defense, in refusing to execute his contract, that a part of the land he thought he was buying is in the possession of another, when the land was sold in gross, and he was living upon it at the time, being affected consequently with notice of all the facts in relation thereto.

Case cited: Macon and Bailey *v.* Sheppardf 2 Hum., 335.

---

FROM BEDFORD.

---

Appeal from the Circuit Court. W. H. WILLIAMSON, Judge.

COLDWELL & WARDER for plaintiff.

WISENER & SON for defendant.

LEA, Sp. J., delivered the opinion of the court.

In 1840 John Whitsell departed this life testate. His will was duly probated in the County Court of Bedford, and Daniel L. Barringer was qualified as his executor. In the year 1852 the executor, Daniel L. Barringer died, and complainant, J. A. Blakemore, was appointed by the county court as administrator with the will annexed of John Whitsell. During the war

the records of the County Court of Bedford county were destroyed, and complainant filed his bill in the chancery court on the 27th of February, 1868, to set up the will of John Whitsell, and asking a construction thereof. The chancellor upon the hearing set up the will. By the provisions of the will the executor was to assign to Milly Whitsell, widow of the testator, a dower in his real estate, sell the balance of his real and personal property, and, after payment of his debt, to divide the proceeds among certain of his children therein named, and providing further, that upon the death of his widow that the executor should sell the land assigned her as dower and divide the proceeds as therein directed. The executor, Barringer, sold the property as directed, real and personal, except the land set apart as dower, paid the debts and closed up the estate. During the pendency of the life estate, or soon after the termination thereof, the defendant, J. W. Kimmons, purchased of the legatees a seven-eighths interest in said dower or the proceeds thereof, and the court in the case of J. A. Blakemore, administrator, after setting up the will, decreed that the defendant was entitled to seven-eighths of the proceeds, and that John Whitsell, a minor and grandson of testator, was entitled to one-eighth.

On the 3d day of December, 1870, the complainant, as administrator of John Whitsell deceased with the will annexed, sold at public sale the tract of land which had been assigned to Mrs. Whitsell as dower, she having died some years previous.

Notice of the time and place of sale was given by

printed hand-bills and by publication in a newspaper published in Shelbyville. At said sale he sold the land known as the Milly Whitsell dower, containing sixty acres more or less. At said sale the defendant became the purchaser at and for the sum of $3,781.50, payable in six, twelve and eighteen months from date of sale. Complainant shortly after the sale tendered defendant a deed for said land, and demanded the execution of the notes for the purchase money. The defendant refused to accept the deed or to execute his notes for the purchase money, and thereupon complainant filed his bill for a specific performance of the contract. The chancellor decreed for complainant, and defendant has appealed to this court.

It is insisted for the defendant that the sale by complainant as administrator with the will annexed was not a valid sale, because the will of John Whitsell was probated in 1842, and the act giving the same power to an administrator with the will annexed as was conferred upon the executor of the will was not passed until 1849.

It is only necessary for us to say that this court in the case of *Hosea Green* v. *John Q. Davidson, et al.*, 4 Baxter, 488, decided that such a sale after the passage of the act of 1849 was valid, though the will was probated prior to the passage of the act. Again in the argument solicitors for the defendant urge the statute of frauds, but this is not available because the defendant has failed to plead the statute as a defense in his answer. Again the defendant insists that some three or four acres of the Milly Whitsell dower tract

which he thought he was buying is claimed and in the possession of one Greer. This defense is not available; first, because the land was sold in gross and. not by the acre; secondly, the part of the land which he states he thought he was buying was at the time of the sale in the adverse possession of Greer, a line fence having been previously run between the Greer and Milly Whitsell land, and the defendant at the time of the sale was living upon the the Milly Whitsell land, and was well acquainted with the land and knew of the line of fence, and was therefore affected with notice of all the facts in relation thereto. 2 Hum., 335. But it is further insisted that only a few days prior to the sale the complainant conveyed by deed to Greer the disputed land, which fact was unknown to defendant at the time of the sale and was a fraud upon him. The facts are, that Barringer, the executor, had sold in his lifetime a portion of the Whitsell land to Greer's vendor, and complainant only executed a deed for the land which had been previously sold by the executor, and in that deed the land was not described by metes and bounds, but on the east called for the Milly Whitsell dower tract, and we are of opinion that in making that deed the complainant but discharged his duty, and the same was not a fraud on the defendant.

In this whole transaction the complainant appears to have acted in the utmost good faith towards the defendant, and we think he is entitled to reasonable commissions upon the amount of the purchase money, and to this extent modify the decree of the chancellor,

and direct that an order of reference be made to the Clerk and Master of the Chancery Court of Bedford county to take proof and report what would be reasonable commissions for complainant, and that such reasonable commissions be allowed.

As thus modified, the decree of the chancellor enforcing a specific performance of the sale is affirmed, and this cause is remanded to the chancery court to carry out the orders of said court in reference to the payment of the purchase money, costs, and attorneys' fee, etc. The defendant will pay the costs of this cause in this court.